IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| NANCY LOFTUS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:15-cv-692 (CMH/JFA) |
| | ) |
| DAVID BOBZIEN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Sona Rewari (VSB No. 47327)
Thomas J. Cawley (VSB No. 04612)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7512
Facsimile: (703) 918-4018
srewari@hunton.com
tcawley@hunton.com

*Counsel for Defendants David P. Bobzien and Edward L. Long Jr.*

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ...........................................................................1

II.  RELEVANT FACTUAL ALLEGATIONS .....................................................2

    A.   Loftus's Declaration of her Candidacy for Public Office ........................2

    B.   Bobzien's Research and Investigation into the Ethical Issues Associated with Loftus's Potential Dual Employment............................................................4

    C.   Loftus's Election to Fairfax City Council, and Ward's Recommendation to Dismiss Her Employment as an Assistant Fairfax County Attorney if She Accepts the Seat........................................................................................6

    D.   Loftus's Termination and Subsequent Grievance...................................8

III. ARGUMENT .................................................................................................10

    A.   Standard of Review.................................................................................10

    B.   Loftus's Section 1983 Claims Fail as a Matter of Law .........................12

        1.   Loftus has not Alleged Violation of any Right Protected by § 1983.........12

            a.   The Supreme Court Has Long Held that Governmental Employers can Constitutionally Prohibit their Employees Even to Run for Public Office .......................................................13

            b.   The Fourth Circuit and its Sister Circuits Have Repeatedly Upheld Restrictions on the Political Candidacy of Public Employees.............................................................................15

            c.   Loftus Does Not Have a First Amendment Right to Outside Employment, Including Holding Public Office ...........................18

        2.   Loftus's Individual-Capacity Claims Against Bobzien and Long are Barred by Qualified Immunity................................................................19

        3.   Loftus's Official-Capacity Claims Against Bobzien and Long are Vitiated by Her Own Allegations Regarding the County's Policies, Practices, and Customs ...........................................................................20

    C.   Count II Does Not State any Valid Claim for Relief.............................22

        1.   Neither Virginia Law Nor the County Ordinance Gives County Employees the Right to Hold Public Office .............................................22

        2.   Neither the Virginia Statute Nor the Ordinance Authorize Private Claims Against Individual Defendants ...................................................24

    D.   Loftus Has Not Alleged any Conduct, Much Less Wrongful Conduct, by Long .................................................................................................26

IV.  CONCLUSION..............................................................................................28

## TABLE OF AUTHORITIES

**Page**

CASES

*A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986)......................24

*Albright v. Oliver*, 510 U.S. 266 (1994) ...............................................................................12

*Am. Chiro. v. Trigon Healthcare*, 367 F.3d 212 (4th Cir. 2004) ..................................................24

*Anderson v. Creighton*, 483 U.S. 635 (1987) ........................................................................19

*Ashcroft v. al-Kidd*, ____ U.S. ___, 131 S. Ct. 2074 (2011) ....................................................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................................10, 11

*Baker v. McCollan*, 443 U.S. 137 (1979) ...........................................................................12, 13

*Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997) ...................................................20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................11

*Brazil-Breashears v. Bilandic,* 53 F.3d 789 (7th Cir. 1995).....................................................16

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) ....................................................................14, 15

*Brockington v. Boykins*, 637 F.3d 503 (4th Cir. 2011) ..............................................................12

*Clements v. Fashing*, 457 U.S. 957 (1982)........................................................................14, 15

*Crosby v. City of Gastonia*, 635 F.3d 634 (4th Cir. 2011)..........................................................13

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435 (4th Cir. 2011)...................11

*E. Shore Mkts., Inc. v. J.D. Assocs. LP*, 213 F.3d 175 (4th Cir. 2000).........................................11

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) .......................................................................13

*Fletcher v. Marino*, 882 F.2d 605 (2d Cir. 1989) ................................................................16, 17

*Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009) ......................................................11, 19, 25

*Hafer v. Melo*, 502 U.S. 21 (1991) ....................................................................................20

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...........................................................................19

*Jenkins v. Medford*, 119 F.3d 1156 (4th Cir. 1997) (en banc)....................................................19

*Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462 (4th Cir. 2012)..........2, 11

*Kentucky v. Graham*, 473 U.S. 159 (1985)...............................................................20

*Livadas v. Bradshaw*, 512 U.S. 107 (1994) ............................................................12

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ....................................20

*Otten v. Schicker*, 655 F.2d 142 (8th Cir. 1981) ....................................................16

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................11

*Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176 (4th Cir. 2009) ....................11

*Phillips v. City of Dallas*, 781 F.3d 772 (5th Cir. 2015)....................................16

*Snider v. Seung Lee*, 584 F.3d 193 (4th Cir. 2009)............................................19

*United Black Firefighters v. Hirst*, 604 F.2d 844 (4th Cir. 1979) ................11

*United Pub. Workers of America v. Mitchell*, 330 U.S. 75 (1947) ...............13, 14, 15

*United States v. Civil Service Commission v. National Ass'n of Letter Carriers*,
413 U.S. 548 (1973)................................................................13, 14, 15, 18

*Vansant & Gusler, Inc. v. Washington*, 429 S.E.2d 31 (1993) ....................25

*Walker v. Prince George's Cnty.*, 575 F.3d 426 (4th Cir. 2009)..........19, 20

*Williams v. U.S. Merit Systems Protection Board*, 55 F.3d 917 (4th Cir. 1995) (per curiam) ........................................................................................16

### STATUTES

42 U.S.C. § 1983............................................................................... passim

Fairfax County Code § 3-1-19 ......................................................3, 9, 21, 22, 23, 25

Va. Code Ann. § 15.2-1506 ...............................................................................9

Va. Code Ann. § 15.2-1507 ...........................................................................9, 26

Va. Code Ann. § 15.2-1512.2 ....................................................................... passim

Defendants David P. Bobzien and Edward L. Long Jr., by counsel, hereby submit this Memorandum in Support of their Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I. PRELIMINARY STATEMENT

The Supreme Court of the United States, the Fourth Circuit, and its sister Circuits have uniformly held that public employers can constitutionally prohibit their employees even to run for public office. But Plaintiff Nancy Loftus was not prohibited to run for public office. She ran for and was elected to the governing body of the City of Fairfax, Virginia, while being employed as an assistant county attorney for Fairfax County, Virginia. She was not permitted, however, to continue as the County's attorney if she took public office as a member the Fairfax City Council.

The City of Fairfax and the County are separate, independent jurisdictions with overlapping geographies that necessitate regular dealings with one another and that have even engendered high-profile litigation in the recent past. Concerned about the potential conflicts of interest that could arise if Loftus became a member of the City Council, the County Attorney, Defendant David P. Bobzien, reviewed the Virginia Supreme Court's Rules of Professional Conduct and Legal Ethics Opinions, and obtained advice from the Virginia State Bar's Standing Committee on Ethics and its Ethics Counsel. He concluded that a seat on the City Council would create an irreconcilable conflict of interest with Loftus's employment as an assistant county attorney, and that such conflict would be imputed to every attorney in his Office. When Loftus refused to give up her seat on the City Council, Bobzien terminated her employment.

Having lost both a grievance challenging her dismissal and a lawsuit in the Virginia state courts challenging the procedures followed in her grievance, Loftus has sued Bobzien and County Executive Edward L. Long Jr., in both their individual and official capacities. Her claims under 42 U.S.C. § 1983 should be dismissed because she has not alleged and cannot

allege violation of any constitutional right, much less a clearly-established one.  Her claims under Virginia Code Ann. § 15.2-1512.2 and the Fairfax County Code also fail as a matter of law.  Neither provision gives an employee the right to hold public office or a private right of action based on an alleged violation.  The Court should dismiss the Complaint with prejudice.

## II.   RELEVANT FACTUAL ALLEGATIONS

From 1997 to June 28, 2014,[1] Loftus was employed as an assistant county attorney in the Office of the County Attorney.  (Compl. ¶¶ 5, 17; Exhibit 1 at 1, Dismissal Memorandum from D. Bobzien to N. Loftus, dated June 27, 2014.)  Loftus is a resident of the City of Fairfax, a jurisdiction that is separate and independent from the County of Fairfax, but that surrounds and is surrounded by the County.  (Compl. ¶ 5 & Ex. C, at 5.)  While serving as an assistant county attorney, Loftus was active in community affairs in the City of Fairfax, where she had served on civic boards and commissions.  (Compl. ¶ 21.)

### A.   Loftus's Declaration of her Candidacy for Public Office.

In early 2014, Loftus decided to run for a seat on the Fairfax City Council, the governing body for the City of Fairfax.  (Compl. ¶ 22.)  On February 7, 2014, Loftus informed Bobzien that she was considering running for a seat on the Fairfax City Council.  (*See* Compl., Ex. A.)  Bobzien did not object or attempt to dissuade Loftus from running for office; he suggested, however, that she investigate the potential legal and ethical issues that might arise.  (*See id.,* Exs. A & B.)

---

[1]Oddly, Loftus' Complaint includes copies of other correspondence leading to her dismissal but fails to attach the document by which her employment was terminated, namely Bobzien's June 27, 2014, memorandum of dismissal.  Because Ms. Loftus' Complaint arises from Bobzien's termination of her employment, the Court may properly consider Bobzien's dismissal memorandum in resolving this Motion to Dismiss. *Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012).  As that document indicates, Loftus's employment was terminated effective June 30, 2014.  (*See* Exhibit 1, at 10.)

At Bobzien's suggestion, Loftus spoke to Peter D. Andreoli, the Deputy County Attorney for Personnel.  (Compl. ¶¶ 24, 25.)  Andreoli also did not object to her candidacy.  (*Id.* ¶ 25.) Andreoli directed Loftus to Va. Code Ann. § 15.2-1512.2 and Fairfax County Code § 3-1-19. (*Id.*)  The same day, Loftus sent Bobzien an email in which she stated that both the Virginia statute and the Fairfax ordinance "specifically provide that no locality shall prohibit an employee from participating in political activity, including, becoming a political candidate, so long as I do not do so while on duty, in uniform, or on the premises."  (Compl., Ex. A, at 2.)  She added that Andreoli had also suggested that she review the "Conflict of Interest act and the Hatch act," but "I did not see any provisions in these laws that would prevent my candidacy."  (*Id.*)  Bobzien replied, "Thanks; just don't do anything in uniform."  (*Id.* at 1.)

On February 12, 2014, Bobzien sent Loftus an email indicating that he had lingering concerns:

> I have been thinking more about this, and I am concerned that even though the water wars are over, we routinely have dealings with the City that can lead to contention.  I am concerned that you might have a conflict of interest.  Whether you would actually vote or abstain on an issue that affects the Count[y] may not be the issue, inasmuch you would always have a fiduciary obligation to the citizens to look out for their best interest in all of your dealings. Tomorrow is going to be a white out, but perhaps we can discuss more on Friday.  I wanted to get this to you today before you get any farther down the line on this.  (Compl., Ex. B, at 2.)

The "water wars" referred to the negotiation and sale of the City of Fairfax's water system to the Fairfax County Water Authority, (Compl. ¶ 29), which was part of a court-mediated resolution of high-profile litigation filed by the City of Fairfax against Fairfax County.  *See City of Fairfax v. Board of Supers. of Fairfax Cnty.* et al., Civil Action No. 1:12-cv-513 (E.D. Va.).  In the lawsuit, the City sought to invalidate an ordinance passed by the County's Board of Supervisors.  *Id.* at

ECF Nos. 1 & 1-1, Notice of Removal and Amended Complaint.  The lawsuit was dismissed without prejudice on January 6, 2014.  *Id.* at ECF No. 40.

Loftus responded to Bobzien's email the same day.  (Compl., Ex. B, at 1.)  Her email disagreed with Bobzien's concerns regarding a potential conflict of interest and reminded him that she had a right to run for office:

> Although I understand your concerns, in my 17 years in the office, I've never been involved in any case against, or even with, the City.  In the extremely unlikely event that any such issue arises, there are ways to handle it, just as we would if you were injured at work and had to file litigation against the County.
>
> I have again reviewed Virginia Code section 15.2-1512.2 and Fairfax County Code section 3-1-19.  As previously pointed out, *under these statutes, the County is prohibited from preventing my participation in political activity – including running as a candidate for Fairfax City Council.*  (Compl., Ex. B, at 1 (emphasis added).)

Bobzien responded:  "No need to discuss further; I see and accept your point."  (*Id.*)

## B.   Bobzien's Research and Investigation into the Ethical Issues Associated with Loftus's Potential Dual Employment.

After learning in early April that Ms. Loftus had, in fact, entered the electoral race for the Fairfax City Council, Bobzien conducted his own inquiry into the ethical issues that would arise if Ms. Loftus were to win election to the Fairfax City Council.  (Compl., Ex. C.)  He reviewed the Virginia Supreme Court's Rules of Professional Conduct and published Legal Ethics Opinions ("LEOs"), and he consulted the Virginia State Bar ("VSB") Ethics Counsel, James McCauley, Esq.  (*Id.*)  He concluded that the Rules of Professional Conduct do not permit an attorney to simultaneously represent the County while also serving as a member of the governing body of a jurisdiction that is, or is likely to become, adverse to the County.  (*Id.*)  Even worse, such a conflict by one assistant county attorney would be imputed to every other attorney in the Office of the County Attorney.  (*Id.*)

On April 17, 2014, Bobzien shared his research with Loftus in a memo that enclosed

Rules 1.7 and 1.10 of the Rules of Professional Conduct and five LEOs.  (*Id.*)  He pointed out:

> the County has ongoing business, contractual, and governmental
> relationships with the City of Fairfax, which from time to
> time need to be negotiated or renegotiated.  It is readily foreseeable that
> these matters are ones in which the County's interests can and do
> differ from the City of Fairfax's interests.  For example, there are
> numerous agreements and memoranda of understanding that exist
> between the County and the Fairfax City that provide for services
> and sometime cost-sharing including, but not limited to police, fire,
> library, health, welfare and social services, and sanitary sewer and
> waste disposal, all of which have required and will in the future
> require approval by both the County Board and the Fairfax City
> Council.  In addition, the County owns various parcels of property
> in Fairfax City, and the County is subject to the Fairfax City's
> zoning ordinance for all of that property.  As a result, the County
> has had to in the past and will in the future, apply for permits or
> other zoning-related approvals, and those matters come before the
> Fairfax City Council for consideration.  In addition, there are
> matters that need to be discussed between these two jurisdictions
> simply because one is surrounded by the other, such as the
> rebuilding of the Fairfax County Courthouse, or any other
> buildings in the Courthouse Complex, like the Massey Building.
> Likewise, the County and the City often have their own interests
> about the redevelopment of property that is in one jurisdiction and
> abuts the other.  (*Id.* at 5.)

He cautioned that "if you decide to continue to pursue your election to the City Council and you

are successful, you will not be able to continue your employment with this Office once you take

office as a member of the Fairfax City Council."  (*Id.*)

After receiving the memorandum, Loftus emailed the VSB's "Ethics Hotline" and asked,

"[i]s it  unethical for me to be an Assistant County Attorney for Fairfax County and also serve on

the Fairfax City Council?"  (Compl., ¶ 45 & Ex. D.)  In a reply sent the same day, VSB Ethics

Counsel McCauley advised:  (1) "it is not per se unethical for a lawyer to be employed in a law

firm or government attorney's office and concurrently hold a public position or office;" (2)

"however, lawyers that serve on public bodies will create conflicts of interest *if the law firm in*

*which the public official practices also interacts with the public body on which one of its lawyer[s] sits*;" and (3) "'[w]ith respect to the law department of an organization, there is ordinarily no question that the members of the department constitute a firm within the meaning of the Rules of Professional Conduct.'" (*Id.* at 1 (quoting Va. R. Prof'l. Conduct 1.10, cmt. 1a (emphasis added).)  The Ethics Counsel also advised Loftus that the "best guidance and analyses" of the issue were provided by LEOs 1718 and 1763. (*Id.*)  These were among the same LEOs that Bobzien also had enclosed in his April 17, 2014 memorandum to her.  (*See* Compl., Ex. C.)

Instead of providing Bobzien a copy of this email, Loftus responded to Bobzien's April 17 memorandum with an April 21 letter from her attorney.  (Compl., Ex. E.)  Her attorney's letter did not address any of the ethical rules or LEOs in Bobzien's memorandum.  (*See id.*)  Instead, it claimed that Loftus "has contacted the Virginia State Bar Counsel and they have found no conflict between her role as an assistant County attorney and her potential spot on the City Council." (*Id.* at 1.)

### C.  Loftus's Election to Fairfax City Council, and Ward's Recommendation to Dismiss Her Employment as an Assistant Fairfax County Attorney if She Accepts the Seat.

On May 6, 2014, Ms. Loftus was elected to the Fairfax City Council.  (Compl. ¶ 49.) Two days later, Mr. Bobzien sought an advisory legal ethics opinion from the Virginia State Bar Standing Committee on Legal Ethics. (Compl., Ex. F, at 3 & Att. F. )  He summarized the facts and circumstances giving rise to his inquiry, and included copies of his April 17 memorandum to Ms. Loftus, and her counsel's April 21 response. (Compl., Ex. F at Att. F.)

On May 14, 2014, Bobzien received a response from VSB Ethics Counsel McCauley that stated in pertinent part:

> The Rules of Court require the Committee to determine whether requests for advisory opinions present previously unresolved issues.  At its meeting on May 13, 2014, *the Standing Committee on Legal Ethics reviewed your inquiry and believes that LEO 1718 and LEO 1763 are dispositive of your inquiry.*

(Compl., Ex. F, at Att. G. (emphasis added).)  The Standing Committee on Legal Ethics thus had concluded that the very LEOs that Bobzien had cited in his April 17 memo, and that McCauley had also cited in his April 17 email to Ms. Loftus, were "dispositive."  (*Id.*)

On May 29, 2014, Loftus's immediate supervisor, Erin C. Ward, sent Loftus a Written Notice of Proposed Dismissal, in which she proposed that Loftus be dismissed from her employment unless Loftus provided written evidence that she had chosen not to assume the position on the Fairfax City Council whose term was due to begin on July 1, 2014.  (Compl., Ex. F.)  The memorandum identified two separate bases for Loftus's dismissal:  her incurable conflict of interest under the Rules of Professional Conduct, which conflict is imputed to every lawyer in the Office of the County Attorney; and Fairfax County Personnel Regulation 4.16.  (*Id.*)   The personnel regulation provides, in relevant part that:

> -1    Employees in the competitive service *shall not engage in any employment, activity or enterprise, which has been or may be determined to be inconsistent, incompatible, or in conflict with duties, functions, or responsibilities of their County employment.*

> -2    No employee in the competitive service *shall hold any other position in any other governmental jurisdiction* or in private employment, when such other position *may have the effect of reducing the efficiency of such employee in the competitive service.*

> -3    Employees in the competitive service who desire to accept outside employment in addition to their regular County positions shall inform their respective department head or designee of the nature and extent of such outside employment. The department head or designee shall thereupon determine whether or not the holding of such employment conflicts with the duties and responsibilities of said employee to the County.  (Compl., Ex. F, at 4.)

Ward's letter stated that Bobzien had determined that Loftus's seat on the City Council:

> would be inconsistent, incompatible, or in conflict with the duties, functions, or responsibilities of your County employment; that such employment would have the effect of reducing your efficiency as an attorney in this Office because neither you nor any other attorney would be able to represent our client in matters with Fairfax City; and that your holding of such employment conflicts with your duties and responsibilities to the County. (*Id.* at 5.)

Ms. Loftus was placed on administrative leave with pay, and allowed five business days, until June 5, to reply. (*Id.*)

On June 5, 2014, Loftus, through her counsel, responded to Ward's memorandum, confirming that Loftus fully intended to take her seat on the Fairfax City Council. (Compl., Ex. G.)  The letter disagreed with the analysis of the ethical rules and LEOs cited in Ward's memorandum, and disputed that McCauley's letter supported Ward's conclusions. (*See id.*)  The letter did not address at all Personnel Regulation 4.16. (*Id.*)

### D.   Loftus's Termination and Subsequent Grievance.

On June 24, 2014, Loftus was sworn in as a member of the City Council.[2]  Three days later, on June 27, 2014, Bobzien advised Loftus, in writing, that he was dismissing her employment effective June 30, 2014—one day before her term on the Fairfax City Council was to begin. (Attached as Exhibit 1.)  He stated:

> The reasons for this dismissal are that your position on the Fairfax City Council creates a concurrent conflict of interest under the Virginia State Bar's Rules of Professional Conduct that cannot be cured or waived; that this incurable conflict of interest is imputed to every attorney in this Office; and that your employment by Fairfax City as a member of its City Council would violate the County's Personnel Regulation 4.16. (*Id.* at 2.)

---

[2]A video recording of the swearing-in ceremony is maintained as a public record by the Clerk of the City of Fairfax, and published on the City's website, under 2014 "Special Programming":  http://www.fairfaxva.gov/about-us/city-meetings (last accessed June 24, 2015).

In his letter, Bobzien also addressed each of the points raised in the letter from Loftus's counsel regarding the potential conflict of interest issues. (Exhibit 1, at 2-11.) He also noted that he had "never disputed that Va. Code Ann. § 15.2-1512.2(B) bars localities from prohibiting its employees from participating in political activities, including 'becoming a political candidate.'… There is no right, however, under the First Amendment or otherwise that guarantees that an attorney can *hold* public office." (*Id.* at 6.)

On July 16, 2014, Loftus filed a grievance challenging her dismissal. (Compl. ¶ 61.) Pursuant to Va. Code Ann. § 15.2-1506, the County has adopted a grievance procedure that meets the requirements set forth in Va. Code Ann. § 15.2-1507. Ffx. Cnty. Pers. Regs., ch. 17 (copy attached as Exhibit 2). In accordance with the County's Grievance Procedure, on March 18, 2015, a three-member panel of the Civil Service Commission of Fairfax County conducted a hearing on Loftus's appeal of her dismissal. *See* Decision of the Civil Service Commission, *In re: Nancy Loftus*, Civil Service Commission of Fairfax County, No. 1503 (March 30, 2015) (copy attached as Exhibit 3) ("Civil Service Commission Decision").

Loftus and the County Attorney's Office were each represented by counsel during the hearing. *Id.* at 2. Each presented and cross-examined witnesses and presented dozens of exhibits. *Id.* Loftus also asserted in the grievance that Va. Code Ann. § 15.2-1512.2 and Fairfax County Code § 3-1-19 entitled her to both run for office and to hold dual employment. *Id.* at 4, n.1. The County Attorney's Office disagreed that either provision gave Loftus the right to hold dual employment. *Id.*

On March 30, 2015, the Commission issued a 16-page written decision denying Loftus's appeal, which is "final and binding." *Id.* at Cover Memo; *see also* Ffx. Cnty. Pers. Reg. § 17.12-5 (Exhibit 2). The Commission concluded that "[d]ue to the incurable conflict of interest and the

imputation of the conflict to all the attorneys in his office, Mr. Bobzien was justified in dismissing Ms. Loftus." Civil Service Commission Decision at 15 (Exhibit 3).

While the grievance was pending, Loftus also claimed that "the Respondent (Fairfax County, Office of the County Attorney, David Bobzien, County Attorney, Gail Langham, Deputy County Attorney, and/or Erin Ward, Senior County Attorney, jointly and severally)" had failed to comply with a "substantial procedural requirement" of the grievance procedure, and thus, Loftus was entitled to a decision in her favor. *See* Petition for Finding of Non-Compliance, at 41, *Loftus v. Fairfax Cnty.*, Civ. No. 2014-12370 (Fairfax Cir. Ct.) (copy attached as Exhibit 4). Pursuant to the County's grievance procedure, the County Executive, Edward L. Long Jr., addressed Loftus's claim and ruled that "any procedural noncompliance, substantial or not" had been timely cured. *Id.* at 46.

Loftus appealed that determination to the Circuit Court of Fairfax County, which ruled against her on October 31, 2014. *See* October 31, 2014, Memorandum Opinion and Order in *Loftus v. Fairfax Cnty.* (copy attached as Exhibit 5). Loftus next petitioned the Supreme Court of Virginia for an appeal, but upon a review of the record and consideration of the arguments made by both sides, the Court concluded by order of May 28, 2015, that "there is no reversible error in the judgment complained of." Order of Supreme Court in *Loftus v. Fairfax Cnty.* (copy attached as Exhibit 6).

On June 2, 2015, Loftus filed this lawsuit against Bobzien and Long in their official and individual capacities.

## III.   ARGUMENT

### A.     Standard of Review

To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability;" the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id.* The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 555.

In considering the motion, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)) (citing *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may also consider documents attached to the motion to dismiss  "so long as they are integral to the complaint and authentic." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation omitted).  It may also consider matters of public record.  *See, e.g., Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss . . . we are not precluded in our review of the complaint from taking [judicial] notice of items in the public record."); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").

While the court takes as true the facts alleged in a complaint, it is not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc. v. J.D. Assocs. LP*, 213 F.3d 175, 180 (4th Cir. 2000).   The court also need not accept unsupported or conclusory factual

allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). A court also is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Moreover, dismissal is appropriate "'when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.'" *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)).

**B.      Loftus's Section 1983 Claims Fail as a Matter of Law.**

In Count I, Loftus seeks to assert a claim under 42 U.S.C. 1983 against "all Defendants." (Compl. At 16-18.) She claims to be suing Bobzien and Long in their official capacities for "declaratory and injunctive relief" and for monetary damages in their individual capacities. (Compl. ¶¶ 6, 7.) But she has not stated, and cannot state, a plausible § 1983 claim against any Defendant.

**1.      Loftus has not Alleged Violation of any Right Protected by § 1983.**

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (internal quotation marks omitted)).

To state a claim under § 1983, a plaintiff must allege facts showing that (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *see, e.g., Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A § 1983 claim cannot be based on alleged violation of state law. *Baker,* 443 U.S. at 146-47.

Loftus has not alleged any facts showing that she was deprived of any right secured by the Constitution or the laws of the United States. Loftus claims that her right to political "expression and free speech" under the First Amendment to the United States Constitution was violated because she was "threatened" with loss of her job as an assistant county attorney if she was elected to office on the Fairfax City Council, and because her employment was terminated after she was elected to that office. (Compl. ¶ 71.) But her First Amendment claim is soundly defeated by decades of constitutional jurisprudence.

> **a.    The Supreme Court Has Long Held that Governmental Employers can Constitutionally Prohibit their Employees Even to Run for Public Office.**

The Supreme Court has long held that governmental employers do not violate the First Amendment when they prohibit their employees even *to run for public office*. Nearly 70 years ago, the Supreme Court of the United States, in *United Pub. Workers of America v. Mitchell*, 330 U.S. 75 (1947), upheld the constitutionality of the Hatch Political Activity Act (the "Hatch Act") that forbade public employees from a broad range of political activities, including taking "any active part in political management or in political campaigns." *Id.* at 78.

In 1973, the Supreme Court decided a pair of cases that, again, upheld restrictions on the political activities of public employees, which included becoming a candidate for public office. In *United States v. Civil Service Commission v. National Ass'n of Letter Carriers*, 413 U.S. 548 (1973), the Supreme Court "unhesitatingly reaffirm[ed]" its holding in *Mitchell* and confirmed the constitutionality of the Hatch Act. *Id.* at 556. It found, without question, that "neither the First Amendment nor any other provision of the Constitution" prevents Congress from passing a law prohibiting federal employees from engaging in an wide array of political activities including "becoming a partisan candidate for, or campaigning for, an elective public office." *Id.* at 556.

The same day as *Letter Carriers,* the Supreme Court also decided  the companion case of *Broadrick v. Oklahoma*, 413 U.S. 601 (1973).  Referencing the reasoning of *Letter Carriers*, the Court there upheld a state law that prohibited classified civil service employees of the State of Oklahoma from, among other things, becoming "a candidate for nomination or election to any paid public office." *Id.* at 606.

In 1982, the Supreme Court in *Clements v. Fashing*, 457 U.S. 957 (1982), applied the reasoning of *Mitchell* and *Letter Carriers* in rejecting outright a First Amendment challenge to two provisions of the Texas state constitution that prohibited political candidacy of certain public officials.  *Id.* at 971-72.  One provision prohibited anyone holding any appointive or elective public office in the federal, state, or any foreign government, from running for a seat on the legislature during his or her term.  *Id.* at 960.  A second provision applied to a "wide range of state and county offices" ranging from county attorneys to "public weighers."  *Id.* at 960 & n.1. That provision prohibited any covered employee from announcing his or her candidacy or becoming a candidate "for any office of profit or trust under the laws of [Texas] or the United

States other than the office then held" if unexpired term of his or her current office exceeded one year. *Id.* at 960. Such announcement or candidacy was deemed an "automatic resignation" of such employee's current office. *Id.*

The *Clements* Court easily dismissed the appellees' claims that these provisions violated their First Amendment rights. It noted that the appellants were *elected* officials and that these "represent a far more limited restriction on political activity than this Court has upheld with regard to *civil servants.*" *Id.* at 972 (citing *Letter Carriers*, 413 U.S. 548; *Broadrick*, 413 U.S. 601; *Mitchell*, 330 U.S. 75) (emphasis in original). These provisions were "in reality no different than the provisions we upheld in *Mitchell*, *Letter Carriers*, and *Broadrick*, which required dismissal of any civil servant who became a political candidate." *Id.*

> **b.** **The Fourth Circuit and its Sister Circuits Have Repeatedly Upheld Restrictions on the Political Candidacy of Public Employees.**

In the four decades since *Letter Carriers* and *Broadrick,* the Fourth Circuit and its sister Circuits have faithfully applied the Supreme Court's precedent in dismissing claims by public employees who claimed a First Amendment right to run for elective office.

In *Jenkins v. Town of Bryson City*, for example, the Fourth Circuit held that a town did not violate the First Amendment rights of a police officer when it terminated his employment because he sought the Democratic nomination for county sheriff. No. 91-1054, 1991 U.S. App. LEXIS 23745, at *4 (4th Cir. Oct. 11, 1991) (per curiam). The officer alleged that he had disclosed his intention to run for office before accepting employment as a police officer and that the mayor and chief of police had assured him that his candidacy would not interfere with his police duties. *Id.* at *2-*3. He also alleged that, a month before he was terminated, a departmental regulation was amended to require any members of the police department to resign immediately upon filing as a candidate for any elected office. *Id.* at *3 n.*. After he filed for the

sheriff's race, the police chief and the mayor told him that he would have to resign or he would be terminated. *Id.* at *3. He refused to resign, and his employment was terminated. *Id.*

But the Fourth Circuit, citing *Letter Carriers* and *Broadrick*, concluded that the officer's First Amendment rights were not violated. *Id.* at *4. It also found the mayor's and chief of police's "oral assurances" to the officer immaterial to the constitutional question. *Id.* at *5.

In *Williams v. U.S. Merit Systems Protection Board*, 55 F.3d 917 (4th Cir. 1995) (per curiam), the Fourth Circuit held that an executive assistant to the director of the Governor of Maryland's Office of Individuals with Disabilities was a "covered employee" under the Hatch Act, and thus, had violated the Act when she ran for a partisan political office. *Id.* at 921. In affirming the employee's removal from state employment, the court summarily rejected her claims that the Hatch Act violated her First Amendment rights to free speech and had a chilling effect on her right to partisan political expression. *Id.* at 921 n.7 (citing *Broadrick* and *Letter Carriers*).

Other Circuits have similarly rejected First Amendment challenges to laws, policies, and regulations that prohibited employees of local governments and departments to run for political office. *See, e.g., Phillips v. City of Dallas*, 781 F.3d 772, 776-782 (5th Cir. 2015) (holding that city laws prohibiting city employees to seek office in any overlapping county did not violate the First Amendment on their face or as applied to fire department dispatcher); *Brazil-Breashears v. Bilandic,* 53 F.3d 789, 792 (7th Cir. 1995) (finding that policy that prohibited all state judicial employees from, among other things, becoming a candidate for nomination or election to any public office and from accepting any appointed public office did not violate staff attorney employee's First Amendment rights); *Otten v. Schicker*, 655 F.2d 142, 145 (8th Cir. 1981)

(finding that regulation prohibiting police department employees to run for an elective public office did not violate police officer's First Amendment rights).

In *Fletcher v. Marino*, 882 F.2d 605 (2d Cir. 1989), the Second Circuit rejected a First Amendment challenge to the "Serrano Law" which prohibited anyone elected to a community school board from employment by the same school board and that also deemed anyone holding elective public office and certain political party positions ineligible for membership on  any community school board.   *Id.* at 608.  The court noted that the Serrano Law was "less burdensome than the type of restrictions that the Supreme Court has already approved as valid restrictions on government employees' political activities." *Id.* at 613.  It pointed out:

> [T]he Serrano Law does not even require that a person resign a position to run for office, as did the valid constitutional provision in *Clements*.  It merely states that if a person affected by the law runs for a position on a community school board and is elected, that person must choose between the community school board and the employment or party position described in the Serrano law. This is unquestionably a valid exercise of the state's power and not a violation of the First Amendment. *Id.* at 614.

The plaintiffs argued that "because they have been allowed to run for office, they cannot now be prevented from taking office."  *Id.*  But the Second Circuit flatly rejected that argument:

> This argument is absurd.  That plaintiffs have been allowed to run, even though they are now forced to choose between their other activities and their community school board positions, does not create a right for them to hold office. The Serrano Law is less restrictive than resign-to-run provisions, such as the one at issue in *Clements*. New York certainly could have enacted a resign-to-run statute instead of the less restrictive resign-to-serve Serrano Law. The enactment of the less restrictive resign-to-serve statute can hardly be said, however, to have accorded plaintiffs an expectation that if they won an election they could serve without resigning from activities prohibited by the Serrano Law. *Id.*

### c.  Loftus Does Not Have a First Amendment Right to Outside Employment, Including Holding Public Office.

Loftus's claim of a violation of her First Amendment rights is no less absurd.  She was able to run for and was elected to public office while still being employed as an assistant county attorney.  (*See* Compl. ¶ 49.)  Her employment was terminated only after she was elected to office, and only after she was told that she could not both hold her position as an assistant Fairfax County attorney and a member of the Fairfax City Council.  (*Id.*, Exs. F & G.)

As her own Complaint alleges, and the exhibits to her Complaint demonstrate, Bobzien believed that her office on the Fairfax City Council would create a conflict of interest with her employment as an assistant Fairfax County attorney.  (Compl., Ex. C.)  The two jurisdictions routinely have legal dealings with one another, and had just resolved a high-profile, hotly-contested lawsuit filed by the City of Fairfax against Fairfax County.  (*Id.* at 5; *see also* Stipulation of Dismissal without Prejudice, *City of Fairfax v. Bd. of Supers. of Fairfax Cnty.* et al., Civil Action No. 1:12-cv-513 (E.D. Va. Jan. 6, 2014), ECF No. 40.)[3]  Indeed, Loftus herself did not dispute that, under Virginia's Rules of Professional Conduct, she could not advise Fairfax County in any matters adverse to the City of Fairfax.  She claimed only that Bobzien was wrong in interpreting the Rules of Professional Conduct and LEO to mean that her conflict of interest would be imputed to Bobzien's entire Office of the County Attorney.

But that claim, even if it had any legal merit, has no constitutional dimension.  The Supreme Court found no First Amendment infirmity in prohibiting the line-level postal workers in *Letter Carriers* even to run for any elective office.  The Fourth Circuit and its sister Circuits have not found any constitutional infirmity in similar prohibitions against other civil service

---

[3]The County was represented in that litigation by attorneys in the Office of the County Attorney.  *City of Fairfax v. Board of Supers. of Fairfax Cnty.* et al., Civil Action No. 1:12-cv-513 (E.D. Va.).

employees.  If the First Amendment does not guarantee a public employee the right even to run for any public office, it unquestionably does not guarantee Loftus the right to be employed as a lawyer for one governmental body while sitting as the member of another.  Moreover, while Loftus broadly claims an interest in "freedom of political expression and speech," that rhetoric does not identify any insufficiency in the County's manifest and legitimate interest in ensuring that its legal advisers do not have duties or allegiances to another locality or political constituency whose interests are or could be adverse to the County's.

> **2. Loftus's Individual-Capacity Claims Against Bobzien and Long are Barred by Qualified Immunity.**

Loftus's § 1983 claims against Bobzien and Long in their individual capacities also fail for another reason:  the doctrine of qualified immunity.

Government officials performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The defense of qualified immunity "exists to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery."  *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (en banc) (internal quotation omitted and emphasis in original).  Qualified immunity, therefore, may properly be raised in a motion to dismiss.  *Id.*

"Officials have qualified immunity either if the facts do not make out a violation of a constitutional right or if the right was not clearly established at the time." *Snider v. Seung Lee*, 584 F.3d 193, 198 (4th Cir. 2009) (citing *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815-16, 818-19 (2009)); *Walker v. Prince George's Cnty.*, 575 F.3d 426, 429 (4th Cir. 2009).

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Preexisting law must demonstrate the unlawfulness of the act to the government official." *Francis v. Giacomelli*, 588 F.3d 186, 196 (4th Cir. 2009) (citing *Anderson*, 483 U.S. at 640). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson*, 483 U.S. at 640 (internal citation omitted). In other words, "existing precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate." *Ashcroft v. al-Kidd*, ____ U.S. ___, 131 S. Ct. 2074, 2083 (2011).

Even if Loftus could muster an argument to defeat the decisions of the Supreme Court, the Fourth Circuit, and its sister Circuits, she could not show that the constitutional question is "beyond debate." The doctrine of qualified immunity, therefore, also requires dismissal of her claims against Bobzien and Long in their individual capacity.

> **3.   Loftus's Official-Capacity Claims Against Bobzien and Long are Vitiated by Her Own Allegations Regarding the County's Policies, Practices, and Customs.**

While qualified immunity does not apply to Loftus's official-capacity claims against Bobzien and Long, those claims also fail for a second reason:  they are defeated by the allegations of her own Complaint.

It is settled that a claim against a public employee in his official capacity must be treated as a suit against his governmental employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991). Loftus's claims against Bobzien and Long in their official capacities, therefore, must be treated as claim against Fairfax County.

But "[a] municipality cannot be held liable [under Section 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   To state a claim under § 1983 against a municipality, therefore,  the plaintiff must "identify a municipal 'policy,' or 'custom' that caused [her] injury." *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell* 436 U.S. at 694); *see Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (affirming dismissal of § 1983 claim against county where complaint failed to allege any facts showing a municipal custom, practice, or policy).

Not only does Loftus fail to allege any constitutional injury, she also does not attribute her claimed injury to any policy, custom, or practice of Fairfax County.  Just the opposite, she alleges that the "Fairfax Custom and Policy Supports [the] Activities of Loftus."  (Compl. at 9-10.)  She claims that the "County's long-time policy and custom" was that "an attorney serving as a lawmaker could 'recuse' himself (or herself) from votes which posed a potential conflict of interest." (*Id.* ¶ 39.) She further alleges that the County has a "long-standing policy of allowing County employees to hold elected office and allowing County elected officials to pursue a career, whether in the private or public sector." (*Id.* ¶ 60.)  She also alleges that before running for the City Council, she participated on boards and commissions in the City of Fairfax while working as an assistant county attorney. (*Id.* ¶ 21.)

Further vitiating any plausible § 1983 claim against Fairfax County, Loftus also alleges that the County has enacted an ordinance that guarantees the rights which she claims to have been violated. (*Id.* ¶¶ 12, 35.)  She further claims that Bobzien's and Long's actions were taken in violation of the County's policies and regulations. (*Id.* ¶¶ 60, 61.)

Because Loftus has not alleged that her employment was terminated as the result of any County policy or custom, her official-capacity claims against Bobzien and Long fail as a matter of law.

The Court, therefore, should dismiss Count I with prejudice.

### C.      Count II Does Not State any Valid Claim for Relief.

The Court also should dismiss Count II of the Complaint for failure to state a claim upon which relief may be granted.   Count II alleges a claim for monetary damages "against all Defendants" for a violation of a Virginia statute—Va. Code Ann. § 15.2-1512.2—and Fairfax County Code § 3-1-19 (the "County Ordinance").   Loftus has not alleged a violation of either, and in any event, neither the Virginia statute nor the County Ordinance allow her to sue Bobzien and Long for money damages or any other relief.

### 1.      Neither Virginia Law Nor the County Ordinance Gives County Employees the Right to Hold Public Office.

Section 15.2-1512.2(B) of the Virginia Code provides, in relevant part:

> B. Notwithstanding any contrary provision of law, general or special, no locality shall prohibit an employee of the locality … from participating in political activities while these employees are off duty, out of uniform and not on the premises of their employment with the locality.

Section 3-1-19 of the Fairfax County Code provides that "all employees may participate in political activities while they are off duty, out of uniform, and not on the premises of their employment with the County."   Ffx. Cnty. Code § 3-1-19(b)(1) (copy attached as Exhibit 7 hereto.)

Loftus claims that "under Virginia law and Fairfax County Ordinance, Ms. Loftus was permitted to *both* become a political candidate *and to hold political office.*"[4]   (Compl. ¶ 77) (emphasis added).   But neither provision includes "holding political office" within the scope of protected conduct.

Just the opposite, "holding political office" is conspicuously absent from the definition of "political activities" set forth in the Virginia statute and repeated in the County Ordinance. Section 15.2-1512.2(C):

> For purposes of this section, the term "political activities" includes, but is not limited to: voting; registering to vote; soliciting votes or endorsements on behalf of a political candidate or political campaign; expressing opinions, privately or publicly, on political subjects and candidates; displaying a political picture, sign, sticker, badge or button; participating in the activities of, or contributing financially to, a political party, candidate or campaign or an organization that supports a political candidate or campaign; attending or participating in a political convention, caucus, rally, or other political gathering; initiating, circulating or signing a political petition; engaging in fund-raising activities for any political party, candidate or campaign; acting as a recorder, watcher, challenger or similar officer at the polls on behalf of a political party, candidate or campaign; *or becoming a political candidate*.   Va. Code Ann. § 15.2-1512.2(C).

The same definition is repeated in the County Ordinance.   Ffx. Cnty. Code § 3-1-19(a)(4) (Exhibit 7.)   Thus, contrary to Loftus's assertion, neither the Virginia statute nor the County

---

[4]Loftus also makes the conclusory allegation that "Defendants prohibited Ms. Loftus from engaging in political activity as a political candidate when she was off-duty, out of uniform and on the premises of their (sic) employment with the locality." (Compl. ¶ 75.)  But this naked assertion merely recites the language of the statute and is unadorned by reference to any actual events.  Indeed, it is belied by her own allegations and the documents attached to her Complaint that show that she was expressly *not prohibited* from becoming a political candidate.

She also alleges that "Defendants terminated Ms. Loftus as a result of her becoming a candidate for political office." (Compl. ¶ 78.)  This naked assertion, too, is not grounded in any actual events.  It is also belied by her own allegations and the exhibits to her Complaint which show that she was not terminated during her candidacy, that she was given the choice between taking her elected office and retaining her position as an assistant county attorney, and that she was terminated only after she refused to give up her seat on the City Council.  (*See id.* ¶¶ 49, 51, 52, 59 & Exhibits F & G; *see also* Exhibit 1, Bobzien Dismissal Memorandum.)

Ordinance gives municipal employees the right to hold public office. And for good reason. Under Loftus's theory, a locality cannot prohibit its employee from holding any public office. So a police officer could not be prohibited from simultaneously serving as a criminal court judge, a commonwealth's attorney, or a public defender in the same county, despite the obvious conflict of interest created by such dual employment.

By their express terms, Va. Code Ann. § 15.2-1512.2 and the County Ordinance do not guarantee employees of a locality the right to hold public office simultaneously with their other employment.

> ### 2. Neither the Virginia Statute Nor the Ordinance Authorize Private Claims Against Individual Defendants.

Count II also fails because neither the Virginia statute nor the Ordinance authorize private causes of actions against any individuals.

Loftus cannot sue Bobzien and Long under the Virginia statute for two reasons. First, the Virginia statute, by its plain language, applies only to a "locality," not to any individuals: "Notwithstanding any contrary provision of law, general or special, *no locality shall* prohibit an employee of the locality…." Va. Code Ann. § 15.2-1512.2(B) (emphasis added).

Second, the statute contains no explicit language creating a private right of action based on alleged violations of the statute. The Fourth Circuit has repeatedly cautioned that a private right of action cannot be implied from a state statute, but rather, must be explicitly stated in the statute:

> Federal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so. Without clear and specific evidence of legislative intent, the creation of a private right of action by a federal court abrogates the prerogatives of the political branches and the obvious authority of states to sculpt the content of state law.

*A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 674 (4th Cir. 1986) (holding that Virginia Unfair Trade Practices Act did not create a private cause of action where it lacked explicit language creating such action); *accord Am. Chiro. v. Trigon Healthcare*, 367 F.3d 212, 229 (4th Cir. 2004) (affirming finding that Virginia's insurance quality statute did not create private right of action where it did not contain any specific statutory language creating such an action).

Nor can Loftus sue Bobzien and Long under the Ordinance.  While the Ordinance does apply to individuals, it also does not authorize a private right of action in court.  Instead, it prescribes an internal grievance as the remedy by which an employee can vindicate her rights under the Ordinance:

> (e)  Any employee who has access to the grievance procedure and who feels that he or she has been discriminated or retaliated against in violation of the provisions of this Section because of his or her participation or failure to participate in political activities shall be entitled to file a grievance concerning such action under the County's grievance procedure.

Ffx. Cnty. Code § 3-1-19(e) (Exhibit 7).  The Ordinance does not authorize any private right of action, so the grievance remedy is exclusive.  *See Vansant & Gusler, Inc. v. Washington*, 429 S.E.2d 31, 33 (1993) ("[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise.").

Indeed, Loftus already invoked the exclusive remedy of the Ordinance when she grieved her dismissal.  She asserted in her grievance that termination of her employment violated the Ordinance, but the Civil Service Commission ruled against her.  *See* Civil Service Commission Decision, at 15 (Exhibit 3).

Loftus has failed to state any claim for which the Court may grant her relief under either Va. Code Ann. § 15.2-1512.2 or the County Ordinance.  Count II, therefore, should be dismissed with prejudice.

> **D.    Loftus Has Not Alleged any Conduct, Much Less Wrongful Conduct, by Long.**

In addition to the foregoing reasons, Loftus's claims against Long should be dismissed as a matter of law because she has not alleged any facts to show that he took any action, much less unlawful action, toward her.   Loftus conclusorily alleges that Long "agreed to and ratified" Bobzien's termination of her employment, (Compl. ¶ 7), but that allegation is devoid of reference to any actual events.  As such, it is not entitled to the assumption of truth, even at the motion to dismiss stage.  *See Francis* 588 F.3d at 193 (explaining that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).

Long first appears in the sequence of events alleged in Loftus's Complaint only months *after* her termination.  (Compl. ¶ 61.)  She alleges that after her termination in June 2014 (*id.* ¶ 59), she filed a grievance in July 2014 (*id.* ¶ 61).  She further alleges that:

> As a result of that grievance which lasted until March 2015, this entire matter was eventually reviewed and ultimately decided by the County Executive, Mr. Long.  All the facts and legal arguments were made known to Mr. Long, who ratified the decision of Mr. Bobzien, rather than restoring Ms. Loftus to her previous position – or an equivalent employment position within the County. (*Id.* ¶ 62.)

That allegation, however, does not show any wrongful or unlawful conduct by Long.

Moreover, Loftus's claim that Long "reviewed and ultimately decided" her grievance is not based on any actual events and is also belied by the County's own Grievance Procedure—a

public record of which the Court may take judicial notice.  Ffx. Cnty. Pers. Reg., ch. 17 (attached hereto as Exhibit 2.)  Under that procedure, grievances challenging dismissal of an employee are decided by a panel of the Civil Service Commission whose decision is "final and binding." *Id.*§ 17.12-5; *see also* Va. Code § 15.2-1507(a)(10)(a)(6) (mandating provision in local grievance procedure that provides that "the decision of the panel or hearing officer shall be final and binding and shall be consistent with provisions of law and written policy").  While the Grievance Procedure allows either side to appeal the Commission's written decision to the County Executive on grounds of inconsistency with written policy (Ffx. Cnty. Per. Reg. § 17.12-7) (Exhibit 2), Loftus does not—and cannot—allege that she filed any such appeal.

The Court, therefore, should dismiss all claims against Long with prejudice.

IV.     **CONCLUSION**

Loftus did not have any right under the First Amendment, the Code of Virginia, or the Code of Fairfax County to hold simultaneous employment as an assistant county attorney for Fairfax County and a member of the Fairfax City Council.  The Court should dismiss her Complaint with prejudice.

Respectfully submitted,

DAVID P. BOBZIEN
EDWARD L. LONG JR.

By:_____/s/_____
Sona Rewari (VSB No. 47327)
Thomas J. Cawley (VSB No. 04612)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia  22102
Telephone:  (703) 714-7512
Facsimile:  (703) 918-4018
srewari@hunton.com
tcawley@hunton.com

*Counsel for Defendants David P. Bobzien and Edward L. Long Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 24, 2015, I will electronically file a copy of the attached with the

Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing

(NEF) to the following:

> J. Chapman Petersen, Esq.
> Jason F. Zellman, Esq.
> SUROVELL, ISAACS, PETERSEN & LEVY, PLC
> 4010 University Drive, Suite 200
> Fairfax, Virginia 22030
> jpetersen@siplfirm.com
> jzellman@siplfirm.com
>
> Mary Lynn Tate, Esq.
> TATE LAW PC
> 16006 Porterfield Highway
> Abingdon, Virginia 24210
> mltate@tatelaw.com
>
> *Counsel for the Plaintiff, Nancy Loftus*

_____ /s/ _____
Sona Rewari (VSB No. 47327)
Thomas J. Cawley (VSB No. 04612)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia  22102
Telephone:  (703) 714-7512
Facsimile:  (703) 918-4018
srewari@hunton.com
tcawley@hunton.com

*Counsel for Defendants*

### INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION |
|:---:|:---|
| 1. | Dismissal Memorandum (June 27, 2014) |
| 2. | Fairfax County Personnel Regulations, Chapter 17, "Grievance Procedure" |
| 3. | Decision of the Civil Service Commission, *In re: Nancy Loftus*, Civil Service Commission of Fairfax County, No. 1503 (March 30, 2015) |
| 4. | Petition for Finding of Non-Compliance, *Loftus v. Fairfax County,* Civ. No. 2014-12370 (Fairfax Cir. Ct.) (September 19, 2014) |
| 5. | Memorandum Opinion and Order, *Loftus v. Fairfax County*, Civ. No. 2014-12370 (October 31, 2014) |
| 6. | Order, Supreme Court of Virginia, *Loftus v. Fairfax County*, Record No. 150197 (May 28, 2015) |
| 7. | Fairfax County Code § 3-1-19 |