IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| NANCY LOFTUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-692 |
| ) | |
| DAVID BOBZIEN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss.

In early 2014, while she was employed as an Assistant County Attorney in Fairfax County, Virginia, Nancy Loftus ("Plaintiff") successfully campaigned for a position on the City Council of the City of Fairfax ("Fairfax City"). Fairfax City and Fairfax County are separate and independent jurisdictions, with Fairfax City enclaved by Fairfax County. Following Plaintiff's election on May 6, 2014, County Attorney David Bobzien terminated Plaintiff's employment with Fairfax County due to his belief that her new position on the Fairfax City Council could create an incurable conflict of interest with her position as Assistant County Attorney. His decision was upheld by County Executive Edward Long. Because Plaintiff has not plausibly alleged that Bobzien and Long ("Defendants") violated

her constitutional rights by terminating her employment or that her termination was contrary to Virginia law.

Plaintiff was hired by Fairfax County as an Assistant County Attorney in 1997; she performed well in this position; she was elected to a position on the Fairfax City Council in May 2014; and Defendants terminated her employment with Fairfax County in June 2014 solely due to her position on the Fairfax City Council. The question is whether Plaintiff has plausibly alleged a violation of either A) her First Amendment rights; or B) Virginia law. Count I of Plaintiff's lawsuit is brought under 42 U.S.C. §§ 1983 and 1988, alleging Defendants violated her First Amendment rights to speech and expression when they terminated her employment. Count II alleges her termination by Defendants also violated Va. Code § 15.2-1512.2 and Fairfax County Ordinance 3-1-19. She seeks six million dollars in compensatory damages, punitive damages "in the maximum amount permitted by law," and injunctive relief. Defendants now move to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true,

this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. After Iqbal, complaints are required to allege "a *plausible* claim for relief" instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphasis in original). In sum, the plausibility standard is the touchstone by which a complaint's adequacy is determined.

When a local governing body violates the constitutional rights of a plaintiff, § 1983 allows lawsuits "for monetary, declaratory, or injunctive relief where…the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Services of City of N.Y., 436 U.S. 658, 690 (1978). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to state a claim under § 1983, Plaintiff must allege A) that she has "been deprived of a right secured by the

Constitution and the laws of the United States"; and B) that Defendants' deprived her of this right under color of state law. <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 155 (1978).

Count I must be dismissed because Plaintiff has not stated a plausible claim that she was deprived of her First Amendment rights when Defendants terminated her employment with Fairfax County. Her complaint does not allege she was terminated due to her political views or because she chose to run for elected office, but instead acknowledges that Defendants terminated her employment only *after* her election to the Fairfax City Council due to a perceived conflict of interest. Her employment was terminated because Defendants perceived her new position could create a conflict of interest; not because she chose to run for office, because of any positions she espoused when running for office, or for being elected. In sum, she could not hold her position with Fairfax City and retain her job with Fairfax County.

It is well-established that government employers can limit the rights of their employees to hold political office. Although it is not implicated in this case, the Hatch Act's prohibition on federal employees engaging in a variety of political conduct including running for partisan political office, 5 U.S.C. § 7323(a), provides a useful example of the government's ability to limit the political activities of its employees. In fact,

prior to its amendment in 2012, the Hatch Act forbade *state* employees from being candidates for elected office, just as Plaintiff was in this case.

The Supreme Court's and the United States Court of Appeals for the Fourth Circuit's approval of the Hatch Act is persuasive. See, e.g., United Pub. Workers of America v. Mitchell, 330 U.S. 75 (1947); Williams v. Merit Sys. Prot. Bd., 55 F.3d 917 (4th Cir. 1995). If the First Amendment allows Congress to bar federal employees from not only *holding* political office, but from even *running for* political office, it also permits Defendants' actions here. Moreover, these restrictions stem from the same motivation that prompted Defendants in this case; the federal government's need to prevent its employees from holding positions that will "create a conflict, or an apparent conflict, of interest." 5 C.F.R. § 733.104(e). It would be logically inconsistent to find a violation of Plaintiff's First Amendment rights here when the same prohibition has been enforced for the same reason at the federal level for decades. Put simply, Plaintiff was permitted to run for office on the Fairfax City Council and campaign for the position, but could not simultaneously hold both her former position with Fairfax County and her new position with Fairfax City.

Count I also must be dismissed because a complaint against Defendants in their official capacities is treated as a complaint against Fairfax County, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and Fairfax County cannot be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691. More specifically, Plaintiff must identify a "policy or custom" that caused her injury. Id. at 694. Not only has she failed to allege such a policy or custom, her complaint alleges Defendants' actions were *contrary to* the common practice of Fairfax County. Yet even if Plaintiff could bring her § 1983 claim against Defendants (instead of Fairfax County), she has still failed to allege a violation of her First Amendment rights.

Count II of Plaintiff's complaint, brought under Virginia law, must also be dismissed. The relevant statute prevents localities from "prohibit[ing] an employee of the locality…from participating in political activities while these employees are off duty, out of uniform and not on the premises of their employment with the locality." Va. Code § 15.2-1512.2(B). Plaintiff's reading of this statute is mistaken. Not only does the statute fail to establish any private right of action, it also defines "political activities" to include "becoming a political candidate", id. at § 15.2-1512.2(C), but says nothing

about actually holding political office. Plaintiff's claim under Fairfax County Ordinance 3-1-19 fails even more clearly, as Section E of the ordinance establishes an internal grievance procedure (not a lawsuit) as the appropriate remedy by which an employee can vindicate her rights. Because Plaintiff has failed to plausibly allege that Defendants violated Virginia law when they terminated her employment with Fairfax County, Count II must also be dismissed.

Plaintiff's complaint does not state a claim upon which relief can be granted. Therefore Defendants' Motion to Dismiss must be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 28, 2015